UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO ARMENTA-OROZCO, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Civil No. 07-CV-0285-L <br> Criminal No. 03-CR-3398-L <br><br> **ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

On February 9, 2007, Petitioner Roberto Armenta-Orozco ("Petitioner"), originally proceeding *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Respondent has filed a response and opposition and a declaration from Petitioner's trial attorney, Mark Adams. Petitioner has not filed a reply, but has filed his own declaration. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits, and for the reasons set forth below, **DENIES** Petitioner's motion.

**BACKGROUND**

On December 16, 2004, Petitioner was indicted on conspiracy to distribute 1,000 kilograms or more of marijuana (Count 1), possession of 1,000 kilograms or more of marijuana with the intent to distribute (Count 2), and Importation of 2,987.95 kilograms of marijuana (Count 3). On May 28, 2004, Petitioner was convicted by a jury of all three counts. On August 30, 2004, this Court sentenced Petitioner to 121 months of imprisonment for each count, to run concurrently.

**ANALYSIS**

First, Petitioner moves to vacate or set aside his sentence based on ineffective assistance of counsel. Petitioner claims that his trial attorney was ineffective because (1) he failed to show Petitioner all of the evidence against him prior to trial; (2) he did not call and examine witnesses at trial; and (3) he did not present comparable sentences of co-defendants at the sentencing hearing. Petitioner's criticisms relate primarily to trial strategy and/or technique, and are conclusory and devoid of factual detail.

The Sixth Amendment provides that every criminal defendant has the right to effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court enunciated the test for determining whether a criminal defendant's counsel rendered ineffective assistance. In order to prevail on a claim of ineffective assistance of counsel, the petitioner has the burden of showing both: (1) that his defense counsel's performance was deficient; and (2) that the deficient performance prejudiced him. *Id.* at 690-92; *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005). If the petitioner fails to sufficiently prove either prong of the test, the claim is extinguished. *United States v. Olson*, 925 F.2d 1170, 1173 (9th Cir. 1991). Further, the petitioner cannot fulfill this burden through allegations that are merely conclusory. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

To satisfy the deficient performance prong of *Strickland*, Petitioner must show that his counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." *Strickland*, 466 U.S. at 689. Moreover, *post-hoc* complaints about the strategy or tactics employed by defense counsel are typically found insufficient to satisfy the first prong of *Strickland*. *See e.g. United States v. Simmons*, 923 F.2d 934, 956 (2d Cir. 1991) (appellant's displeasure with strategy employed by trial counsel insufficient to establish ineffectiveness).

To establish prejudice under the second prong, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

///

     Here, Petitioner has not identified any aspect of his trial counsel's performance that could be considered outside the range of competence demanded of attorneys in criminal cases. According to trial attorney Mark Adams' declaration, he showed Petitioner the evidence against him and discussed with him the anticipated meaning and effect of that evidence at trial. He also investigated the government's case and discussed potential defenses with Petitioner. Attorney Adams also states he urged Petitioner to accept a plea agreement and try to avail himself of the benefits of the safety valve provision, but that ultimately Petitioner elected to proceed to trial. Next, contrary to Petitioner's claims, Attorney Adams did cross-examine the Government's witnesses at trial. Finally, the fact that Petitioner's trial attorney did not present the sentences of his co-defendants at the sentencing hearing was not unreasonable given that the mandatory minimum sentence prevented the Court from imposing any sentence less than 120 months. Therefore, the Court finds Petitioner has failed to meet his burden under the deficient performance prong of *Strickland*. Petitioner has also failed to make a showing of prejudice sufficient to substantiate an ineffective assistance of counsel claim.

     Second, Petitioner moves to vacate or set aside his sentence on grounds that the Government failed to disclose exculpatory evidence. Petitioner, however, fails to provide any specific facts to support this assertion. Accordingly, the Court finds this claim is without merit.

## CONCLUSION

     For the reasons set forth above, Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**

     **IT IS SO ORDERED.**

DATED: April 20, 2009

_____
M. James Lorenz
United States District Court Judge

COPIES TO:

PETITIONER
U.S. ATTORNEY'S OFFICE